By the Court.
In the absence of statutory provisions to the contrary an elector signing a petition authorized by the statutes of this state, invoking either official tor judicial action, has a right to withdraw his name from such petition, or, if he be the sole petitioner, to dismiss the same at any time before judgment has been pronounced, or before official action has been taken thereon. Dutten v. Village of Hanover, 42 Ohio St., 215; Hays et al. v. Jones et al., 27 Ohio St., 218, and McGonnigle et al. v. Arthur et al., 27 Ohio St., 251, 256.
The general assembly of Ohio, in the enactment of Section 4227-2, General Code, evidently recognized this right, and afforded the signers of a referendum petition an opportunity for its exercise by providing in this section that the clerk or city auditor shall not certify such petition to the board of deputy supervisors of elections until after the expiration of ten days from the date of filing the same.
While the statute does not in terms provide how soon after the expiration of ten days the clerk or city auditor must certify the same to the board of deputy supervisors of election, nevertheless, such officer must perform this duty within a reasonable time thereafter. Upon his failure to certify within a reasonable time after the expiration of ten days, mandamus will lie to compel him to perform his duty under the statute. He cannot arbitrarily withhold certifying such petition to the board of deputy supervisors of elections for the purpose of per *19 mitting the withdrawal of further signatures; but until official action is taken by him, or an action in mandamus is brought, any person signing a petition has the right to withdraw his name therefrom.
Every officer of this state or any subdivision thereof not only has the authority but is required to exercise an intelligent discretion in the performance of his official duty. A city auditor is not required to certify to the board of deputy supervisors of elections a petition for referendum that does not comply with the provisions of Section 4227-2, General Code. However, the conclusion he may reach as. to whether such petition does or does not conform to the provisions of that section is not final. That is a question to be adjudicated by the court in an action either to restrain the auditor from certifying the same or to compel him to do so. In such proceeding, the question of the sufficiency of the referendum petition will be determined as of the date of the commencement of the action.

Judgment affirmed.

Wanamaker, Newman, Johnson and Donahue, JJ., concur.
Nichols, C. J., Jones and Matthias, JJ., not participating.